UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

6:14-cv-649-ORL-28-KRS

| | |
|---|---|
| CYNTHIA WRIGHT,<br>Plaintiff,<br><br>vs.<br><br>CRITICAL RESOLUTION MEDIATION LLC, and DOES 1 to 10, inclusive,<br>Defendant. | Civil Action No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Cynthia Wright, an individual consumer, against Defendant, Critical Resolution Mediation LLC, for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### III. PARTIES

3. Plaintiff, Cynthia Wright, is a natural person with a permanent residence in Malabar, Brevard County, Florida 32950.

4. Upon information and belief, the Defendant, Critical Resolution Mediation LLC, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 6500 McDonough Drive, Suite

C-2, Norcross, Gwinnett County, Georgia 30093. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.    FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. On or about September 25, 2103, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's co-worker, who is not a co-signer on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

8. On or about September 25, 2103, Defendant, in connection with the collection of the alleged debt, represented or implicated to Plaintiff that Plaintiff committed a crime or other conduct in order to disgrace the Plaintiff.

9. On or about September 25, 2103, Defendant, in connection with the collection of the alleged debt, contact Plaintiff by leaving a voicemail communication for Plaintiff in which the Defendant did not identify that the communication was from a debt collector.

10. On or about September 25, 2103, which was during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded payment on the alleged debt without also informing Plaintiff that Plaintiff could dispute the validity of the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

11. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

12. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

13. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

14. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V.    *1st CLAIM FOR RELIEF*

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692b(2)* of the FDCPA by telling a third party that the Plaintiff owes an alleged debt; and

    (b) Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

    (c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (d) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

    (e) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (f) Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the legal status of the alleged debt; and

    (g) Defendant violated §1692e(7) of the FDCPA by giving the false representation or implication that the Plaintiff committed a crime or other conduct in order to disgrace the Plaintiff; and

    (h) Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    (i) Defendant violated §1692e(11) of the FDCPA by failing to disclose in a communication subsequent to the initial communication that was not a formal pleading that the communication was from a debt collector; and

    (j) Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (k) Defendant violated §1692g(b) of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Cynthia Wright, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.   2nd CLAIM FOR RELIEF

19. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

20. Defendant violated the Florida Fair Debt Collection Practices Act 559.55 (hereinafter "FFDCPA"). Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated 559.72(7) of the FFDCPA by willfully communicating with the debtor with such frequency as can reasonably be expected to

harass the debtor or their family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of their family.

21. Defendant's acts as described above were done intentionally with the purpose of getting payment from Plaintiff for the alleged debt.

22. As a result of the foregoing violations of the FFDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant, Critical Resolution Mediation LLC, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and the FFDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

### VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Cynthia Wright, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 16, 2014

Crumley & Wolfe, P.A.

By:_____
Benjamin H. Crumley, Esq.
Florida Bar No. 018284
2254 Riverside Avenue
Jacksonville, FL 32204
Phone: (904) 374-0111
Fax: (904) 374-0113
Email: ben@cwbfl.com
*Attorney for Plaintiff*